**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

MELISSA HOLLAND                                                                                    PLAINTIFF

V.                                                                                          NO. 3:03CV-P-162-C

VERTNER TAYLOR, ET AL.                                                                         DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Ms. Holland has several pending motions before this court, all of which seek injunctive relief with respect to Ms. Holland's treatment at the Kentucky Correctional Institute for Women ("KCIW").  The court has learned that Ms. Holland was not in the custody of the state prison system at the time she filed the motions, but rather in a county jail, and is no longer incarcerated at all.  Consequently, the district court will dismiss this case and deny all pending motions as moot.

I.

Ms. Holland is a former prisoner at the Kentucky Correctional Institute for Women (the "KCIW").  In her complaint before this court, she alleges that certain policies and practices at the KCIW violate her rights under the First, Eighth and Fourteenth Amendments to the United States Constitution, and the Americans with Disabilities Act.  She seeks injunctive relief, and sues the Warden and Chaplain at the KCIW, and the Commissioner of the Department of Corrections.

Following its initial review of this case, the court dismissed Ms. Holland's claims pursuant to the Americans with Disabilities Act and her claims against the

defendants in their official capacities (*see* docket no.6).  Not long thereafter, the defendants filed a motion to dismiss Ms. Holland's remaining claims as moot because she had been transferred out of the custody of the state prison system.  As grounds for the motion, the defendants informed the court that, in September 2003, the Kentucky Supreme Court had overturned Ms. Holland's conviction and remanded her case for a new trial.  *See Holland v. Commonwealth*, 114 S.W.3d 792 (Ky. 2003).  Shortly thereafter, the Department of Corrections released Ms. Holland from state custody and transferred her to the custody of the Hardin County Sheriff's office.

Ms. Holland responded that her claims should not be dismissed, because she had included a claim for reimbursement of court costs, her record had been permanently affected, and that she had *jus tertii* standing to continue to maintain this action on behalf of her fellow inmates.  The court disagreed and dismissed the case with prejudice (*see* docket no. 31), because Ms. Holland's claims had been rendered moot by her transfer out of KCIW.

Ms. Holland timely appealed and, during the pendency of that appeal, correctly informed this court and the United States Court of Appeals for the Sixth Circuit that she had indeed been transferred from the KCIW to the Hardin County Detention Center, a local jail (*see* docket no. 38).  She subsequently filed a motion for injunctive relief with the Sixth Circuit, however, that stated or implied that she had been returned to the KCIW.  Accordingly, the Sixth Circuit affirmed this court's

dismissal of the majority of Ms. Holland's claims, but vacated the dismissal of two of her claims for injunctive relief,[1] which the Sixth Circuit determined were capable of repetition, yet evading review and were no longer moot because of Ms. Holland's apparent return to KCIW (*see* docket nos. 42 and 48).

Contrary to her representations on appeal, however, Ms. Holland had not been returned to KCIW. Rather, she remained at the Hardin County Detention Center until the completion of her re-trial. Ms. Holland was convicted once again, and might have been returned to the custody of the state prison system, but she was give credit for time served and released shortly thereafter. Representatives of both KCIW and the Office of Legal Services for the Justice and Public Safety Cabinet have informed the court that Ms. Holland no longer is in the physical custody of any jail or prison in the Commonwealth. Her last known address on record at KCIW is in Coffeyville, Kansas.

## II.

Because Ms. Holland is no longer incarcerated at KCIW, or any other state institution, her claims are moot, and should be dismissed. *Cf. Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)(Prisoner's claims for declaratory and injunctive relief based on prison officials' examination of prisoner's legal mail outside of prisoner's presence were moot, where prisoner was no longer confined to institution that

---

[1] Those claims are: (1) that mentally ill inmates at the Special Living Unit at the KCIW are not afforded certain honor privileges, and (2) that inmates at the KCIW do not receive the same level of psychiatric treatment as the male inmates in other Kentucky prisons.

searched mail.)   In addition, by filing an action in this court, Ms. Holland assumed the obligation to keep the court, and opposing counsel, accurately informed of any changes in her address.  *See* LR 5.4 of the Joint Local Rules of Civil Practice. Dismissal is an permitted sanction for failure to keep the court so informed. *Id.* Where, as here, Ms. Holland either intentionally misinformed the Sixth Circuit, or failed to correct its mis-impression regarding her location, which mis-impression materially affected that court's evaluation of her claims, dismissal is not only permitted, but appropriate.  Accordingly,

   **IT IS HEREBY ORDERED** that this action be **DISMISSED WITH PREJUDICE** and all pending motions (docket nos. 43, 44, 45, 46 and 50) be **DENIED AS MOOT**.

   The clerk is directed to send a copy of this memorandum opinion and order to Ms. Holland, pro se, last known address 614 North Penn Street, Coffeyville, Kansas 67337, counsel of record.

   This is a final and appealable order.

   Signed on  February 23, 2006

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**

-4-